# Defendant's Exhibit A:

# MDOC Policy Directive 03.02.130, "Prisoner/Parolee Grievances" (eff. March 18, 2019) (No. 2:20-cv-76, PageID.128–135)

| MICHIGAN DEPARTMENT OF CORRECTIONS<br>**POLICY DIRECTIVE** | EFFECTIVE DATE<br>03/18/2019 | NUMBER<br>03.02.130 |
|---|---|---|
| SUBJECT<br>PRISONER/PAROLEE GRIEVANCES | SUPERSEDES<br>03.02.130 (07/09/2007) | |
| | AUTHORITY<br>MCL 791.203 | |
| | PAGE    1    OF    8 | |

**POLICY STATEMENT:**

Prisoners and parolees shall be provided with an effective method of seeking redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement.

**RELATED POLICIES:**

01.01.140   Internal Affairs
03.02.131   Prisoner State Administrative Board Property Claims
03.03.140   Prison Rape Elimination Act (PREA) and Prohibited Sexual Conduct Involving Prisoners

**DEPARTMENT-WIDE OPERATING PROCEDURE:**

03.02.130   Prisoner/Parole Grievances

**POLICY:**

DEFINITIONS

A.    <u>Business day</u>:   Monday through Friday, 8:00 to 4:30, excluding State observed holidays.

B.    <u>Respondent</u>:   The staff person who investigates and responds to a grievance.

GENERAL INFORMATION

C.    Complaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process in compliance with this policy.

D.    Grievances filed regarding sexual abuse, including those filed by a third party, shall not be processed as grievances under this policy but shall be reported in accordance with PD 03.03.140 "Prison Rape Elimination Act (PREA) and Prohibited Sexual Conduct Involving Prisoners."   Any grievance submitted under this policy that contains an allegation of sexual abuse shall be copied by the Grievance Coordinator and forwarded to the PREA Coordinator.   The original grievance shall be returned to the prisoner. If the grievance also includes a non-PREA grievable issue, it will need to be refiled by the prisoner.

E.    The grievance process shall be equally available to all prisoners housed in a correctional facility, including prisoners incarcerated under the Holmes Youthful Trainee Act, and all parolees unless placed on modified access pursuant to this policy. Probationers are not covered by this policy but may resolve specific problems and complaints with supervising staff and, if not resolved, with the sentencing court. If the probationer is housed in the Special Alternative Incarceration Program, s/he shall follow the grievance process set forth in PD 05.01.142 "Special Alternative Incarceration Program."   Prisoners housed in non-MDOC facilities shall follow the established grievance process for the facility in which they are confined.

F.    Grievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement that personally affect the grievant, including alleged violations of this policy and related procedures.

Richards Bench Trials

Defs' Ex. A
Page 1 of 8

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 03/18/2019 | 03.02.130 | PAGE  2  OF  8 |

G   If a prisoner chooses to file a claim for reimbursement of personal property allegedly lost or damaged while in the Department's sole possession, s/he shall request a Prisoner Claim Against the State of Michigan (DTMB-1104-P) form from the Grievance Coordinator in accordance with PD 03.02.131 "Prisoner State Administrative Board Property Claims."

H.   Grievances shall not be rejected or denied solely because the prisoner has not included with his/her grievance exhibits or other documents related to the grievance; funds shall not be loaned to a prisoner to pay for photocopying of such documents.   If the grievance references documents that are not in the prisoner's files or otherwise available to the Grievance Coordinator or respondent except through the prisoner, the documents shall be reviewed with the prisoner as part of the grievance investigation process if necessary to respond on the merits.   If the Grievance Coordinator or respondent determines that a copy of a document is needed for the grievance investigation, the copy shall be made at Department expense.

I.   A grievant whose grievance is rejected may appeal the rejection to the next step as set forth in this policy.   A new grievance shall not be filed regarding the rejection.

REASONS FOR REJECTION

J.   Prisoners and parolees are required to file grievances in a responsible manner.   A grievance shall be rejected by the Grievance Coordinator if:

1.   It is vague, illegible, or contains multiple unrelated issues.

2.   It raises issues that are duplicative of those raised in another grievance filed by the grievant.

3.   The grievant is on modified access pursuant to Paragraphs JJ through NN and has filed a grievance in violation of those paragraphs.

4.   The grievant did not attempt to resolve the issue with the staff member involved prior to filing the grievance unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of Internal Affairs in the Office of Executive Affairs.

5.   The grievance is filed in an untimely manner.   The grievance shall not be rejected if there is a valid reason for the delay; e.g., transfer.

6.   It contains profanity, threats of physical harm, or language that demeans the character, race, ethnicity, physical appearance, gender, religion, or national origin of any person, unless it is part of the description of the grieved behavior and is essential to that description.

7.   Two or more prisoners and/or parolees have jointly filed a single grievance regarding an issue of mutual impact or submit identical individual grievances regarding a given issue as an organized protest.

8.   The prisoner is grieving content of the policy or procedure except as it was specifically applied to the grievant.   If a prisoner has a concern with the content of a policy or procedure, s/he may direct comments to the Warden's Forum as provided in PD 04.01.105 "Prisoner Housing Unit Representatives/Warden's Forum."

9.   The prisoner is grieving a decision made in a Class I misconduct hearing or other hearings conducted by Administrative Law Judges (ALJ's) employed by the Michigan Department of Licensing and Regulatory Affairs (LARA), including property disposition and issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing). Prisoners are provided an appeal process for Class I decisions pursuant to PD 03.03.105 "Prisoner Discipline."

Richards Bench Trials

Defs' Ex. A
Page 2 of 8

| DOCUMENT TYPE<br>POLICY DIRECTIVE | EFFECTIVE DATE<br>03/18/2019 | NUMBER<br>03.02.130 | PAGE  3  OF  8 |
|---|---|---|---|

10.    The prisoner is grieving a decision made by the Parole Board to grant, deny, rescind, amend or revoke parole, or not to proceed with a lifer interview or a public hearing.  This includes grieving the tools (scoring weights and ranges) utilized in developing guideline scores.  However, a prisoner may challenge the calculation of his/her parole guideline score, including the accuracy of the information used in calculating the score by filing a grievance.

11.    The prisoner is grieving a decision made in a Class II or Class III misconduct hearing, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements, timeliness of misconduct review, timeliness of hearing).  Prisoners are provided an appeal process for Class II and Class III decisions pursuant to PD 03.03.105 "Prisoner Discipline."

12.    The prisoner is grieving issues not within the authority of the Department to resolve (e.g., disputes between a prisoner and an MDOC vendor or an outside agency (courts), etc.).  The grievant shall be told who to contact in order to attempt to resolve the issue, if known.

13.    The prisoner is grieving the result of a Risk Assessment Instrument (e.g., COMPAS) or Transition Accountability Plan (TAP).  However, a prisoner may challenge the accuracy of the information used in assessments, including in the TAP.

14.    The prisoner is seeking reimbursement for property loss or damage that must be submitted pursuant to PD 03.02.131 "Prisoner State Administrative Board Property Claims."

K.    Grievances shall not be placed in Counselor files, Record Office files, or Central Office files, or placed in the prisoner health record.  Grievances also shall not be referenced on any document placed in these files or the prisoner health record, except as necessary pursuant to Paragraph M.  Grievance documents and files shall be accessed only to investigate or respond to a pending grievance, to respond to a request under the Freedom of Information Act, to respond to a request from the Department of Attorney General or appropriate Central Office staff, for audits, for statistical reporting, or to the Warden or his/her supervisor.

L.    A grievant shall not be penalized in any way for filing a grievance except as provided in this policy for misusing the grievance process.  Staff shall avoid any action that gives the appearance of reprisal for using the grievance process.

M.    With the Warden's approval, a prisoner may be issued a Class II misconduct report (e.g., Interference With Administration of Rules) if the grievant intentionally files a grievance that is investigated and determined to be unfounded that, if proven true, may have caused an employee or a prisoner to be disciplined or an employee to receive corrective action. The Class II misconduct may be elevated to a Class I misconduct only if approved by the Warden.  The misconduct report shall be processed as set forth in PD 03.03.105 "Prisoner Discipline."  If the grievant is found guilty of the misconduct, the grievant shall be placed on modified access consistent with Paragraphs JJ through NN.

N.    Wardens and FOA Region Managers shall ensure prisoners and parolees are provided assistance in completing a grievance form, if s/he determines it is needed.  In such cases, assistance shall be provided by a staff member who is not involved in the grievance.

GRIEVANCE COORDINATORS

O.    Each Warden shall designate at least one staff member to serve as the Step I Grievance Coordinator and at least one staff member to serve as the Step II Grievance Coordinator.  The FOA Deputy Director shall designate staff members to serve as Step I Grievance Coordinators and Step II Grievance Coordinators for each FOA field office.  Step III grievances shall be processed by the Grievance Section in the Office of Legal Affairs (OLA).

P.    Each Step I Grievance Coordinator shall prepare and submit monthly reports on grievances filed in

| DOCUMENT TYPE<br>POLICY DIRECTIVE | EFFECTIVE DATE<br>03/18/2019 | NUMBER<br>03.02.130 | PAGE  4  OF  8 |
|---|---|---|---|

his/her respective facility or office to the Grievance Section, as directed by the Manager of the Grievance Section.   The monthly report shall include information on the subject matter of each grievance filed and, for rejected grievances, the basis for the rejection.

GRIEVANCE PROCESS

Q.    Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue is believed to fall within the jurisdiction of Internal Affairs.   If the issue is not resolved, the grievant may file a Step I grievance.   The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with appropriate staff.

R.    All grievances alleging conduct that falls under the jurisdiction of Internal Affairs shall be referred to Internal Affairs as set forth in PD 01.01.140 "Internal Affairs" even if they would otherwise be rejected. The Manager of Internal Affairs or designee shall notify the Warden or FOA Deputy Director or designee, and either the Inspector or Grievance Coordinator as appropriate, in writing if the grievance is determined to fall within the jurisdiction of Internal Affairs; in such cases, an investigation shall be conducted in accordance with PD 01.01.140 and the grievant notified that an extension of time is therefore needed to respond to the grievance.   The Manager of Internal Affairs or designee also shall notify the Warden or FOA Deputy Director or designee, and the Inspector or Grievance Coordinator as appropriate, if it is determined that the grievance is not within the jurisdiction of Internal Affairs; in such cases, the grievance shall continue to be processed as a Step I grievance in accordance with this policy.

S.    A grievant shall use a Prisoner/Parolee Grievance (CSJ-247A) to file a Step I grievance. A Prisoner/Parolee Grievance Appeal (CSJ-247B) shall be used to file a Step II or Step III grievance. The forms may be completed by hand or by typewriter; however, handwriting must be legible.   The issues should be stated briefly but concisely.   Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).   Dates, times, places, and names of all those involved in the issue being grieved are to be included.   Information should be confined to the form and not written on the back, sides, or margins of the form, or in the response area.   Additional pages may be attached to the grievance form if necessary to provide required information; however, grievants are encouraged to limit the information to the grievance form itself.   If the grievant believes additional pages are necessary, s/he is to submit four copies of each additional page; Departmental forms are not to be used for this purpose. The grievant may use an intradepartmental mail run, if available, to send a grievance to another facility, or to send a Step III grievance, to the Grievance Section.   If an intradepartmental mail run is not available and the grievant does not have sufficient funds to mail the grievance, postage shall be loaned as set forth in PD 05.03.118 "Prisoner Mail."

T.    Grievances and grievance appeals at all steps shall be considered filed on the date received by the Department.   All grievances and appeals shall be date stamped upon receipt.   Time frames for responding to grievances are set forth in this policy directive.   An extension may be granted at the discretion of the Grievance Coordinator for a Step I or II response. However, the extension shall not exceed 15 business days.   The Grievance Coordinator shall immediately notify the grievant in writing whenever an extension has been approved.   The extension also shall be noted in the grievance response.

U.    If a grievant chooses to pursue a grievance that has not been responded to by staff within required time frames, including any extensions granted, the grievant may forward the grievance to the next step of the grievance process within ten business days after the response deadline expired, including any extensions that have been granted.

V.    Prisoners and staff who may be involved in the issue being grieved shall not participate in any capacity in the grievance investigation, review, or response, except as necessary to provide information to the respondent.

Richards Bench Trials

Defs' Ex. A
Page 4 of 8

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 03/18/2019 | 03.02.130 | PAGE 5 OF 8 |

Step I

W.    Within five business days after attempting to resolve a grievable issue with staff, a grievant wishing to advance a grievance must send a completed Prisoner/Parolee Grievance form (CSJ-247A) to the Step I Grievance Coordinator designated for the facility or other office being grieved. If the office being grieved does not have a designated Grievance Coordinator, the grievance shall instead be sent to the Step I Grievance Coordinator for the facility in which the grievant is housed.  A grievant in a CFA facility alleging conduct under the jurisdiction of the Internal Affairs Division may send the grievance to the Inspector for investigation and processing as set forth in Paragraph R.

X.    The Grievance Coordinator shall log and assign a unique identifying number to each Step I grievance received, including those that may be rejected.  A computerized grievance tracking system shall be used for this purpose.

Y.    After receipt of the grievance, the Grievance Coordinator shall determine if the grievance should be rejected pursuant to this policy.  If the grievance is rejected, the grievance response shall state the reason for the rejection without addressing the merits of the grievance. The Grievance Coordinator's supervisor shall review the reason for the rejection to ensure it is in accordance with policy; both the Grievance Coordinator and the supervisor shall sign the grievance before returning the grievance to the grievant.   If the grievance is accepted, the Grievance Coordinator shall assign an appropriate respondent and identify the date by which the response is due.   The respondent shall generally be the supervisor of the person being grieved except:

1.    For grievances involving Clinical Issues, the Health Unit Manager shall designate the respondent.

2.    For grievances regarding Michigan State Industries (MSI), the Administrator of MSI shall designate the respondent.

3.    For grievances involving administrative support functions for correctional facilities, the appropriate Administrative Manager shall designate the respondent.

4.    For grievances referred to Internal Affairs, the Internal Affairs Manager or designee shall be the respondent.   However, if the grievance is determined not to fall under the jurisdiction of Internal Affairs, it shall be returned to the Grievance Coordinator at the facility at which the grievance is filed to complete grievance processing.

5.    For grievances involving court-ordered payment of victim restitution, filing fees, criminal fines/fees/costs or other assessments, child support obligations or bankruptcy actions, the responder shall be designated by the Business Administrator in the Jackson Business Office.

6.    For grievances involving transportation issues, the Transportation Section Manager in the Operations Division, CFA shall designate the respondent.

7.    For grievances regarding time computation, the Manager of the Time Computation Unit (TCU), Operations Division, CFA shall designate the respondent.

8.    For grievances involving the Parole Board, the Parole Board Chairperson shall designate the respondent for grievances involving the Parole Board.

Z.    A Step I grievance shall be responded to within 15 business days after receipt of the grievance unless an extension is granted pursuant to Paragraph T.   If the issue is of an emergent nature, the Grievance Coordinator may order a Step I response within two business days.  The Grievance Coordinator may respond at Step I to grievances that require only minimal investigation or are rejected for reasons authorized by this policy.

| DOCUMENT TYPE<br>POLICY DIRECTIVE | EFFECTIVE DATE<br>03/18/2019 | NUMBER<br>03.02.130 | PAGE  6  OF  8 |
|---|---|---|---|

AA.    The respondent shall interview the grievant to clarify issues of merit, to further an investigation, or otherwise aid in resolution of the grievance at Step I.   An interview is not required when:

    1.    The grievance is rejected pursuant to policy.

    2.    The prisoner refuses to participate in the interview.   The date and time the interview was attempted shall be recorded in the Step I response.

    3.    The respondent is not assigned to the location at which the grievant is confined.

    4.    The grievant is on parole in the community, and the respondent does not have ready access to the field office to which the grievant is assigned.

    5.    No further clarification is needed.

    At any time, the Grievance Coordinator may require an interview if s/he determines it to be essential to an adequate response.   At Step II, the Warden or designee may conduct an interview whether or not one was performed at Step I.   If the grievant is not interviewed at Step I the reason shall be recorded in the Step I response.   Prisoners do not have a due process right to an interview.

BB.    Each Step I grievance response shall be reviewed by the respondent's supervisor prior to the grievance being returned to the Step I Grievance Coordinator to ensure that it appropriately addresses the issue raised in the grievance and accurately reflects Department policy and procedure.   The respondent' shall identify in the response applicable policies, rules, or procedures that are directly related to the issue or conduct being grieved.

CC.    The Step I Grievance Coordinator shall ensure that a thorough investigation was completed for each Step I grievance accepted, that the response was reviewed by the appropriate supervisor, and that a copy of the response is provided to the grievant by the due date, including any extension granted.

    <u>Step II</u>

DD.    A grievant may file a Step II grievance if s/he is dissatisfied with the response received at Step I or if s/he did not receive a timely response.   To file a Step II grievance, the grievant must request a Prisoner/Parolee Grievance Appeal (CSJ-247B) from the Step I Grievance Coordinator and send the completed form to the Step II Grievance Coordinator designated for the facility, field office, or other office being grieved within ten business days after receiving the Step I response or, if no response was received, within ten business days after the date the response was due, including any extensions.   If the office being grieved does not have a designated Grievance Coordinator, the grievant is to send the grievance to the Step II Grievance Coordinator for the facility in which s/he is housed.

EE.    The Grievance Coordinator shall log each Step II grievance received, including those that may be rejected.   The Grievance Coordinator shall use a computerized grievance tracking system to do so. The Grievance Coordinator shall determine if the grievance should be rejected pursuant to this policy. If the grievance is rejected, the grievance response shall state the reason for the rejection <u>without addressing the merits of the grievance</u>.   If accepted, the Grievance Coordinator shall assign an appropriate respondent and indicate the date by which the response is due.   The due date shall be within 15 business days after receipt of the grievance, unless an extension is granted as set forth in Paragraph T.

FF.    The respondents for Step II grievances shall be as follows:

    1.    The Warden, except that s/he may delegate this responsibility to the appropriate Deputy Warden if more than one institution is supervised.

    2.    For grievances regarding clinical issues, the Step II clinical authority as determined by the

| DOCUMENT TYPE<br>POLICY DIRECTIVE | EFFECTIVE DATE<br>03/18/2019 | NUMBER<br>03.02.130 | PAGE  7  OF  8 |
|---|---|---|---|

Bureau of Health Care Services (BHCS) Administrator or for Duane L. Waters Health Center (DWH), the Warden of the Charles E. Egeler Reception and Guidance Center (RGC).

3.  For grievances regarding Michigan State Industries (MSI), the Administrator of MSI or designee.

4.  For grievances involving administrative support functions for correctional facilities, the appropriate Administrative Manager.

5.  The appropriate Region Manager for FOA area offices and facilities.

6.  The FOA Deputy Director or designee for all other FOA grievances.

7.  For grievances involving court-ordered payment of victim restitution, filing fees, criminal fines/fees/costs or other assessments, child support obligations or bankruptcy actions, the responder shall be designated by the Business Administrator in the Jackson Business Office.

8.  For grievances involving transportation issues, the Transportation Section Manager in the Operations Division, CFA.

9.  For grievances regarding time computation, the Manager of TCU, Operations Division, CFA.

10.  For grievances involving the Parole Board, the Parole Board Chairperson.

GG.  The Grievance Coordinator shall ensure that any additional investigation was completed as necessary for each Step II grievance accepted and that a copy of the response is provided to the grievant by the due date.

Step III

HH.  A grievant may file a Step III grievance if s/he is dissatisfied with the Step II response or does not receive a timely response.  To file a Step III grievance, the grievant must send a completed Prisoner/Parolee Grievance Appeal form (CSJ-247B) to the Grievance Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due, including any extensions.

II.  The Grievance Section shall be the respondent for Step III grievances on behalf of the Director.  Each grievance received at Step III, including those that may be rejected, shall be logged on a computerized grievance tracking system.   The tracking system shall include information on the subject matter of each grievance received and, for rejected grievances, the basis for the rejection.  The Grievance Section shall forward grievances regarding clinical issues to the Administrator of the BHCS. The BHCS Administrator shall ensure the referred grievance is investigated and a response is provided to the Grievance Section in a timely manner.  The Manager of the Grievance Section shall ensure that any additional investigation is completed as necessary for each Step III grievance accepted, including referral to the Internal Affairs and, for disability issues, to the Equal Employment Opportunity Office, as appropriate, and that a copy of the Step III response is provided to the grievant.  Generally, Step III responses will be responded to within 60 business days.   The Step III response is final.

MODIFIED ACCESS

JJ.  A prisoner or parolee who files an excessive number of grievances (three within a 30 calendar day span) that are rejected or the prisoner is found guilty of misconduct for filing an unfounded grievance as set forth in Paragraph M, may have access to the grievance process limited by the Warden or FOA Region Manager for an initial period of not more than 90 calendar days.  If the prisoner or parolee continues to file such grievances while on modified access, the Warden or FOA Region Manager may extend the prisoner's or parolee's modified access status for not more than an additional 30 calendar days for each violation.   A recommendation to place a prisoner on modified access shall be submitted

Richards Bench Trials

Defs' Ex. A
Page 7 of 8

| DOCUMENT TYPE POLICY DIRECTIVE | EFFECTIVE DATE 03/18/2019 | NUMBER 03.02.130 | PAGE  8  OF  8 |
|---|---|---|---|

only by the Grievance Coordinator or the Grievance Section Manager and shall include a list of the grievances forming the basis for the recommendation and the reason for the recommendation.

KK.    The Warden or FOA Region Manager, as appropriate, shall ensure that a prisoner or parolee placed on modified access, or who has had that status extended, is immediately notified in writing of this determination, including a list of the grievances upon which the determination was based.   The Warden or FOA Region Manager also shall immediately notify the appropriate Assistant Deputy Director, and the Grievance Section Manager in writing whenever s/he places a prisoner or parolee on modified access or extends that status.

LL.    The Manager of the Grievance Section also may place a prisoner or parolee on modified access, or extend that status, for the reasons set forth in Paragraph JJ.  The Manager of the Grievance Section shall ensure that each prisoner or parolee placed on modified access or who has that status extended is immediately notified in writing of that determination, including a list of the grievances upon which the determination was based.   The Manager of the Grievance Section also shall ensure that the appropriate Warden or FOA Region Manager is notified in writing of the determination.

MM.    While on modified access, the prisoner or parolee shall be able to obtain grievance forms only through the Step I Grievance Coordinator.  A grievance form shall be provided if the Step I Grievance Coordinator determines that the issue the prisoner or parolee wishes to grieve is grievable and otherwise meets the criteria outlined in this policy.   The Grievance Coordinator shall maintain a record of requests received for grievance forms and whether the request was approved or denied and, if denied, the reason for the denial. If a prisoner or parolee on modified access attempts to file a grievance using a form not provided by the Grievance Coordinator, the Grievance Coordinator may reject the grievance in accordance with Paragraph J. The Warden, FOA Region Manager, or Manager of the Grievance Section may extend the prisoner's or parolee's modified access status for not more than an additional 30 days for each violation.   Notification of such extensions shall be consistent with the requirements set forth in Paragraphs KK and LL.

NN.    A prisoner or parolee shall remain on modified access for the approved period even if transferred to another facility.   The Grievance Coordinator for the sending facility shall ensure that the Grievance Coordinator for the receiving facility is notified of this information.

OPERATING PROCEDURE

OO.    If necessary, the Administrator of the Office of Legal Affairs shall ensure that procedures are developed/updated to implement requirements set forth in this policy directive.

AUDIT ELEMENTS

PP.    A Primary Audit Elements List has been developed and is available on the Department's Document Access System to assist with self-audit of this policy pursuant to PD 01.05.100 "Self-Audits and Performance Audits."

APPROVED: HEW 02/18/2019

Richards Bench Trials