UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE B. RICHARDS,

    Plaintiff,

v.

    Case No. 2:20-cv-122

    Hon. Hala Y. Jarbou

GRETCHEN WHITMER, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's motion titled "request for ADR and settlement proposition," in which Plaintiff moves to stay these proceedings so that the parties may engage in alternative dispute resolution. (ECF No. 148.)

Plaintiff's complaint asserts several claims, some of which arise out of his lack of access to child pornographic materials while incarcerated at the Baraga Correctional Facility in Baraga, Michigan. On February 4, 2021, this Court issued an opinion (ECF No. 64) and order (ECF No. 65) dismissing all but Plaintiff's claims that AMF Resident Unit Manager (RUM) Perttu was deliberately indifferent to Plaintiff's serious risk of harm.

Plaintiff now moves to stay this case so that the parties may engage in a settlement conference. As part of his motion, Plaintiff includes a proposed settlement agreement. (*See* ECF No. 148, PageID.795-796.) Among other things, Plaintiff proposes that the State of Michigan and the Michigan Department of Corrections ("MDOC") "furnish [him] and other eligable [sic] inmates, for self-management and treatment, child pornographic materials (videos, pictures, film) through a well-managed system of distribution." (*Id.*, PageID.795.) He further proposes that the State of Michigan "catalogue and archive all 'child pornographic material' that has been held as

evidence since 1968" in a single database "to be furnished to pedosexual persons for management and treatment." (*Id.*, PageID.796.)

Even under ordinary circumstances, this Court would not stay proceedings for settlement discussions where those discussions would be futile, nor could it force third parties to engage in settlement negotiations. But it is worth emphasizing that the circumstances here are not ordinary: this is not Plaintiff's first attempt to manipulate the legal system into providing him illicit materials. On approximately September 3, 2020, Plaintiff attempted to use Court issued subpoena forms to compel the production of "all child pornographic materials that have been collected or prosecuted by Macomb County within the last 30 years." (*See* Pl.'s Subpoena, ECF No. 36, PageID.136.) On December 10, 2020, this Court issued an Order sanctioning Plaintiff for his bad faith service of the subpoena and quashing it as "utterly abusive." (10/20/2020 Order, ECF No. 48, PageID.221-227.) Once again, Plaintiff has shown that "his true purpose is to co-opt litigation as a means to solicit child pornography." (*Id.*, PageID.224.) The Court will not entertain Plaintiff's thinly veiled attempt to persuade the State of Michigan and the MDOC to hand over illicit materials seized by the State in the prosecution of crimes against children.

The Court notes Plaintiff has a pattern of raising frivolous claims that child pornography laws and limits on access to such pornography in prison are unconstitutional. He raised those claims in this case, and the Court dismissed them. In a similar case, the Court ordered the Clerk of the Court to

> reject any future complaint filed by Plaintiff Richards that alleges a violation of international human rights law or challenges the constitutionality of MDOC PD 05.03.118(NN), respecting the limits on pornography.

(5/6/2021 Order, *Richards v. Washington*, No. 2:20-cv-194 (W.D. Mich.).)

2

Plaintiff's abuse of the Court system to engage in arguably criminal attempts to access child pornography demonstrates that further restrictions are warranted.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to stay and for alternative dispute resolution (ECF No. 148) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is barred from filing motions, briefs, or other documents in this case requesting or arguing for access to child pornography.

**IT IS FURTHER ORDERED** that Plaintiff is hereby notified that a violation of this order, or any additional attempts by him to use this Court, or any process or proceedings before this Court, to obtain access to child pornography **may result in monetary sanctions, dismissal of his case with prejudice, and/or other sanctions the Court deems appropriate**.

Dated:  February 9, 2022                         /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 UNITED STATES DISTRICT JUDGE